In the Matter of HARVEY S. GILBERT, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 18, 1968.

*John G. Bonomi* of counsel (*Arthur J. Cooperman* with him on the brief), for petitioner.

*Joseph M. Leahy* and *Peter James Johnson* for respondent.

*Per Curiam.* This is a motion to confirm the report of the Referee which sustained charges of professional misconduct against the respondent.

Respondent was admitted to practice in the Second Judicial Department on June 18, 1958. This proceeding was initiated by petition submitted January 4, 1968. Respondent admitted the charges. The Referee was appointed and hearings were held on March 15 and 29, 1968.

Two charges of professional misconduct were made against respondent. The first charge was in substance, that respondent forged his client's indorsement upon a $1,200 check received in settlement of a personal injury action and converted the entire proceeds to his own use without authority; that thereafter, he falsely represented to his client that the delay in payment of her share of the settlement was due to clerical errors; and that he failed to pay her, despite repeated demands that he do so, until after he had been advised that the matter was being investigated by counsel for petitioner's grievance committee. The second charge was that respondent engaged in a course of conduct of issuing worthless checks drawn against his special checking account.

The testimony before the Referee with respect to the first charge disclosed that respondent had " dated " this client for several years prior to the incident involved and because of this personal relationship he did not believe she would complain about his conduct, particularly inasmuch as he intended to turn over to her her share of the proceeds of the check as soon as he extricated himself from a financial stringency which was the result of living beyond his means. With respect to the second charge, it was brought out that this account was not a fiduciary account but simply a special account in which no minimal balance is required and a charge is made for each check drawn and each check deposited; and that some 18 checks issued and returned for " insufficient funds " involved purely " personal " matters having nothing to do with his practice and that in every instance when the checks were redeposited a day or two later they were honored.

The report of the Referee states that " respondent has suffered deeply for what he did; that he is contrite and if permitted to remain a member of the Bar, will not offend again."

There was no criminal prosecution against the respondent and no complaint of professional misconduct has been lodged against him except with respect to the matters which are the subject of the particular charges. In fact it appears that since the principal incident here involved he has been engaged in the apparently successful and proper practice of law, and that he enjoys the confidence and respect of his present employer as well as former employers.

Respondent who is now 36 years old was married about a year ago. The record discloses that following the death of his father when he was 15 years of age he had to go to work, that he worked his way through college, and after being honorably discharged from military service worked his way through law school. Except for respondent's laborious efforts to achieve his professional status and otherwise unblemished career we would disbar him.

The report of the Referee is confirmed. Respondent is found guilty of professional misconduct and he should be ordered suspended from the practice of the law for a period of one year. (*Matter of Dillon,* 280 App. Div. 210; *Matter of Smith,* 173 App. Div. 601.)

EAGER, J. P., STEUER, CAPOZZOLI, MCGIVERN and RABIN, JJ., concur.

Respondent suspended for a period of one year effective August 19, 1968.