[600 NYS2d 218]

In the Matter of GILBERT STUART GLOTZER (Admitted as GILBERT S. GLOTZER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 29, 1993

#### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel *(Jerome Karp, P. C.,* attorney), for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Gilbert Stuart Glotzer was admitted to the

practice of law in New York by the Third Judicial Department on December 14, 1965. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On June 14, 1991 a Hearing Panel convened to hear testimony and receive evidence relating to charges against respondent. Charge One alleged that by causing a forged document to be filed with the court respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4), engaged in conduct which is prejudicial to the administration of justice, in violation of DR 1-102 (A) (5), and engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (6).* Charge Two stated that by falsely swearing at his deposition before the Committee on August 1, 1990 that his client's signature on the stipulation was genuine and was made in his presence, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4) and engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (6).

Respondent also testified and produced an expert witness in his defense and character witnesses in mitigation.

In or around March 1987, respondent undertook to represent Lauriene Fuqua, who had been his housekeeper for about 18 years, the defendant in a suit initiated by her landlord, in Civil Court of the City of New York, Queens County, *Vasquez v Fuqua*, without fee.

On or about March 12, 1987, respondent received a proposed stipulation of settlement from the attorney for the landlord. The stipulation was executed and returned to the landlord's attorney, who subsequently filed the stipulation with the court. This stipulation permitted Ms. Fuqua to remain in the apartment for six months and excused payment of rent arrears. There is a line for Ms. Fuqua's signature at the end of the stipulation and a signature appears there. Evidence adduced at the hearing conclusively showed that the signature that purports to be that of Ms. Fuqua on this stipulation is forged.

While respondent concedes that the signature on the stipulation is not that of Ms. Fuqua, at a deposition, respondent

---

* All references are to the Code of Professional Responsibility prior to the 1990 amendments.

testified that he remembered Ms. Fuqua coming to his house and signing the stipulation. At the disciplinary hearing, respondent continued to maintain that Ms. Fuqua came to his house and signed the stipulation.

Defendant's expert witness, a psychiatrist, testified in her opinion, that respondent's recollection was the result of his inability to actually recall the underlying event. She concluded that it was probable that respondent was engaging in "retrospective falsification".

Attorneys who had known respondent socially and professionally for over 15 years, also testified on behalf of respondent and attested to respondent's reputation for honesty, integrity, decency and professionalism.

The Hearing Panel sustained Charge One and Charge Two and found that respondent violated DR 1-102 (A) (4), (5) and (6) and recommended a three-month suspension.

The Departmental Disciplinary Committee moves for an order confirming the Hearing Panel's report and imposing "whatever discipline this Court deems appropriate". Respondent requests that this Court confirm the Hearing Panel's report, in part, and reduce the sanction recommended to a censure. Counsel points out that there was no venal purpose behind the execution of the stipulation of settlement and the client was not prejudiced in any manner but only filed a disciplinary complaint against respondent as a result of her mistaken belief that respondent received a benefit from her landlord.

A review of the evidence presented to the Hearing Panel indicates that there is ample support for the Hearing Panel's findings that respondent caused a forged document to be filed with the court, in violation of DR 1-102 (A) (4), (5) and (6) and that he engaged in dishonest conduct by falsely swearing at a deposition that his client's signature was genuine and made in his presence, in violation of DR 1-102 (A) (4) and (6).

Forgery, particularly when committed by an attorney has always been viewed by this Court as a serious matter. The sanctions generally imposed for forgery offenses range from a short suspension to disbarment depending upon the repetitiveness of the misconduct and the desire for personal profit. (See, *Matter of Halper*, 141 AD2d 201 [respondent suspended for one year for drafting a false court order to help the child of a friend]; *Matter of Baily*, 48 AD2d 411 [respondent suspended for one year for forging client's signature to affidavit in opposition to motion]; *Matter of Gilbert*, 30 AD2d 369 [one-

year suspension for forging client's endorsement to checks]; *Matter of Kleiman,* 107 AD2d 241 [disbarment for filing numerous false affidavits concerning residences of clients for purposes of satisfying venue requirements]; *Matter of Marks,* 72 AD2d 399 [disbarment for misappropriations through forgeries].)

In the case at bar, while respondent concedes that the signature on the stipulation which was filed with the court is a forgery, he could offer no explanation for how that occurred. Instead, throughout these proceedings, respondent has maintained that he remembers his client coming to his house and signing the stipulation, when that clearly was not the case.

Respondent offered the testimony of a psychiatrist with whom he had met for a total of two hours in an attempt to establish that he did not engage in deliberate dishonest conduct. However, this testimony was based upon speculation concerning the way memory works and what the witness believed were the reasons respondent would make up this memory of the event. We find that the Hearing Panel properly rejected this explanation of the psychiatrist and found respondent's testimony incredible.

As such, in light of the serious charges respondent has been found guilty of and the fact that respondent has offered no rational explanation for his actions and has not acknowledged the forgery, we find that a period of suspension from the practice of law should be imposed. Since respondent has no prior disciplinary record in 25 years of practice, and did not profit financially from his actions and enjoys an excellent reputation in the legal community, we conclude that a suspension from the practice of law for a period of six months would be warranted under the circumstances and is in accord with this Court's precedent in cases involving forgery offenses.

Accordingly, the Disciplinary Committee's motion is granted solely to the extent of confirming the Hearing Panel's findings and conclusions and suspending respondent from the practice of law for a period of six months from the date of this order and until further order of this Court.

MURPHY, P. J., ELLERIN, WALLACH, ASCH and RUBIN, JJ., concur.

Petitioner's application granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of six (6) months, effective June 29, 1993, and until the further order of this Court.