[661 NYS2d 206]

In the Matter of ANTHONY C. DONOFRIO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 1997

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John P. Bracken* of counsel *(Bracken & Margolin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Anthony C. Donofrio, was admitted to the

practice of law in the State of New York by the Second Judicial Department on December 5, 1990. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated April 21, 1997, the Departmental Disciplinary Committee moves for an order suspending respondent from the practice of law on the ground that he engaged in conduct that reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3).

On April 22, 1996, respondent was served with a notice and statement of charges charging him with violating DR 1-102 (A) (4), (5) and (8). The charges alleged that, in an attempt to expedite the hearing process at the Parking Violations Bureau (PVB), he had falsely told the manager of the PVB and an Administrative Law Judge that he had a wife and that his wife was in the hospital about to give birth. It was further alleged that respondent falsely indicated on a PVB document that his summonses were dismissed, forged an Administrative Law Judge's signature to the document and delivered the document to a PVB employee in order to obtain a tow release.

On or about June 5, 1996, respondent, by his attorneys Bracken & Margolin, served an answer admitting, for the most part, the allegations against him.

On November 19, 1996, a Hearing Panel convened to hear testimony and receive evidence relating to the charges and to recommend a sanction. At the hearing, respondent candidly admitted his guilt and expressed sincere remorse for his actions. In an attempt to explain his behavior, respondent presented the testimony of Dr. Robert Goldstein, a psychiatrist. Dr. Goldstein testified that respondent had a history of panic attacks and migraine headaches (for which he takes prescribed medication) and that, a few days prior to the PVB incident, had suffered a blow to the head which may have caused a concussion. The doctor opined that, on the date in question, respondent was suffering from a "number of physical insults to the central nervous system based on a combination of factors * * * which contributed to an instance of aberrant behavior". Respondent also presented several letters from friends and colleagues attesting to his good character and a letter from the Executive Director of the Nassau/Suffolk Law Services Committee indicating respondent's involvement in its *pro bono* program.

The Panel sustained the charges and recommended that respondent be suspended from the practice of law for a period of six months.

In its petition, the Committee seeks an order confirming the Panel's findings and conclusions and imposing the recommended sanction. Respondent's attorney asks that the Panel's findings be confirmed but states that while the respondent "made a mistake in professional judgment, that his behavior was an aberration". He concludes that, due to substantial mitigating factors, a sanction of public censure would suffice.

As found by the Panel, respondent falsely told the PVB manager and an Administrative Law Judge that his wife was pregnant and was in the hospital awaiting birth, in violation of DR 1-102 (A) (4). Respondent further falsely completed documents indicating that his summonses were dismissed and signed the Judge's name to those documents in violation of DR 1-102 (A) (4). These forged documents were then delivered to the Parking Violations Bureau in order to obtain a tow release, in violation of DR 1-102 (A) (5). All these acts indicate that respondent engaged in conduct that reflects adversely on his fitness to practice law, in violation of DR 1-102 (A) (8).

Forgery, particularly when committed by an attorney, has always been viewed by this Court as a serious matter. The sanctions generally imposed depend on the circumstances of each proceeding (*Matter of Glotzer*, 191 AD2d 112). Respondent forged a document and falsely made certain representations to an administrative agency. While we are aware of respondent's youth, his unblemished disciplinary history and the psychiatric testimony, we find no mitigating circumstances to account for his actions. We agree with the Committee that a suspension from the practice of law should be imposed. However, in view of the serious charges of which respondent has been found guilty, we conclude that a suspension from the practice of law for a period of one year would be warranted.

Accordingly, the Disciplinary Committee's motion is granted to the extent of confirming the Hearing Panel's findings and conclusions. The respondent is suspended from the practice of law for a period of one year, effective August 25, 1997, and until the further order of this Court.

ELLERIN, J. P., WALLACH, NARDELLI, RUBIN and MAZZARELLI, JJ., concur.

Petition granted to the extent of confirming the Hearing Panel's report and the findings of fact and conclusions of law

and disaffirming in respect to the recommended sanction and suspending respondent from the practice of law in the State of New York, for a period of one year, effective August 25, 1997, and until the further order of this Court.