[672 NYS2d 52]

In the Matter of DAVID J. ESKIN (Admitted as DAVID JONATHAN ESKIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 21, 1998

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*Michael S. Ross* of counsel (*LaRossa, Mitchell & Ross,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent David J. Eskin was admitted to the practice of

law in the State of New York by the First Judicial Department on September 20, 1993, as David Jonathan Eskin.

Respondent was served with a notice and statement of charges dated February 11, 1997, in which it was alleged that he neglected to serve a timely notice of claim in a personal injury action, forged and falsely notarized his client's signature to a notice of claim he served after the applicable 90-day Statute of Limitations had expired, served a second notice of claim in the same action that contained a material misrepresentation regarding the date of his client's accident in an attempt to avoid having the action time barred, and engaged in conduct adversely reflecting on his fitness to practice law. On February 27, 1997, respondent submitted an answer wherein he admitted the charges.

A Hearing Panel heard this matter on April 17, 1997 and issued a report and recommendation, dated December 24, 1997, in which it sustained all seven charges brought against respondent and recommended that respondent be suspended for six months.

The Departmental Disciplinary Committee (the DDC) seeks an order confirming the Hearing Panel's findings of fact, conclusions of law, and recommendation of sanction. Respondent submitted a memorandum joining in the DDC's motion and alleging mitigating circumstances. Respondent is a solo practitioner who nets approximately $6,000 per year. At the time of his misconduct, respondent's wife, also an attorney, had recently given birth after a difficult pregnancy and had been forced to resign her previous legal position. As a result of this difficult situation at home, respondent, who is a recovering alcoholic and an active member of Alcoholics Anonymous (AA), was unable at the time to maintain his usual, frequent attendance at AA meetings. Respondent also submitted compelling evidence of his good character and reputation. Finally, he was extremely remorseful about his misconduct, has fully cooperated with the DDC and acted appropriately in attempting to ameliorate the situation he created.

With regard to the appropriate sanction, the Committee and respondent argue that a six-month suspension is appropriate in light of the mitigating circumstances, the fact that the misconduct occurred in only one matter, and the fact that respondent did not act in his own monetary self-interest (*see, Matter of Glotzer*, 191 AD2d 112; *Matter of Tapper*, 102 AD2d 332).

Upon due consideration of the record in this matter, we concur with the Hearing Panel's findings of fact, conclusions of

law, and recommendation as to sanction and, accordingly, grant the DDC's motion to confirm the Panel's report, and hereby suspend respondent from the practice of law for six months.

LERNER, P. J., MILONAS, ROSENBERGER, NARDELLI and WILLIAMS, JJ., concur.

Petition granted, and the Hearing Panel's findings, conclusions and recommendation are confirmed, and respondent suspended from the practice of law in the State of New York for a period of six months, and until the further order of this Court, effective May 21, 1998.