[790 NYS2d 119]

In the Matter of CHAIM HOWARD BERGLAS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 1, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

*Benjamin Brotman & Associates, P.C. (Michael A. Gentile* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Chaim Howard Berglas was admitted to the practice of law in the State of New York by the Second Judicial Department on March 27, 1991, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Judicial Department.

Respondent is charged by the Disciplinary Committee of submitting false filings to the Immigration and Naturalization Service (INS), by counseling and assisting three clients to file applications for political asylum listing a false residence in New York in order to give the New York City INS office jurisdiction over the matter. Charges one and two asserted that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3) and conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5); charge three asserted that respondent knowingly made a false statement of law or fact in violation of DR 7-102 (a) (5) (22 NYCRR 1200.33); and charge four asserted that respondent counseled or assisted a client in conduct he knew to be illegal or fraudulent in violation of DR 7-102 (a) (7). Respondent admitted 10 of the 12 underlying factual allegations and all four charges.

Relying on respondent's factual stipulation, the Referee sustained all four charges, and following respondent's testimony,

recommended a suspension of at least one year. The Hearing Panel confirmed the Referee's findings of fact and conclusions of law and recommended a suspension of one year or less.

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d), confirming the Hearing Panel's findings of fact and conclusions of law, and imposing such discipline as the Court deems fair, just and equitable. Respondent cross-moves to disaffirm the Hearing Panel's determination as to the recommended sanction, and seeking the imposition of a public censure or a three-month suspension.

Case law fully supports a one-year suspension (*see Matter of Nash*, 166 AD2d 84 [1991]; *Matter of Donofrio*, 231 AD2d 365 [1997]). In *Nash*, the respondent knowingly prepared a backdated separation agreement which stated falsely that his client's husband was a New York resident, falsely notarized the parties' signatures, and prepared and filed falsely verified and notarized papers such as complaint and supporting affidavits, so as to obtain an uncontested New York divorce. In *Donofrio*, the respondent misrepresented to the parking violations manager and Administrative Law Judge that his wife was about to give birth, and then falsely completed documents indicating that the summonses were dismissed and forged the judge's name to those documents. In both cases, a one-year suspension was imposed. In contrast, no comparable cases have been found supporting the three-month suspension sought by respondent. Nor does anything respondent submitted in mitigation warrant the lesser sanction.

Accordingly, the Committee's motion should be granted and a one-year suspension imposed, and respondent's cross motion denied.

BUCKLEY, P.J., SAXE, SULLIVAN, NARDELLI and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective April 4, 2005, and until further order of this Court.