[797 NYS2d 86]

In the Matter of ANNAISE ALVIAR, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 23, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

No appearance for respondent.

Per Curiam.

Respondent Annaise Alviar was admitted to the practice of law in the State of New York by the First Judicial Department on April 2, 2001. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of seven charges dated March 4, 2004 alleging she forged a client's signature on two separate occasions, intentionally prejudicing the client, failed to cooperate with the Departmental Disciplinary Committee, and failed to register as an attorney and pay registration fees. Thereafter, respondent submitted an answer admitting most of the factual allegations. In a prehearing stipulation, respondent admitted the remaining factual allegations.

On June 1, 2004, a Referee conducted a hearing at which respondent, pro se, testified on her own behalf. The facts are undisputed. After respondent was admitted to practice in April 2001, she worked at a general practice law firm. In one matter, respondent represented the buyer of a condominium and contacted the seller's attorney two days before the scheduled closing to request an adjournment. The seller's counsel agreed to an adjournment to October 4, 2002, provided that the buyer agree in writing to pay substantial fees for each day that the closing was delayed; to pay a $1,000 legal fee for counsel to revise the closing documents; and to forfeit the $80,000 down payment in the event the closing did not take place on or before October 4, 2002.

Without consulting her supervising attorney and without her client's knowledge and consent, respondent forged her corporate client's signature on the letter-agreement purportedly agreeing to the seller's conditions. Based upon the foregoing misconduct, the Referee found that respondent had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3) and intentionally prejudiced or damaged her client in violation of DR 7-101 (a) (3) (22 NYCRR 1200.32).

The closing did not go forward as scheduled. Respondent then forged her client's signature on a second document dated October 17, 2002, obligating the client to pay substantial fees ($23,000 as a default fee and $2,000 in legal fees) and allowing

the immediate release of the down payment to the seller. The Referee determined that, based on this conduct, respondent violated DR 1-102 (a) (4) and DR 7-101 (a) (3).

The next day, October 18, 2002, respondent left for a previously scheduled vacation. Shortly thereafter, her supervising attorney learned of the forgeries and convinced the seller not to enforce the forged agreements. However, in order to achieve that forbearance, respondent's employer was required to pay the $1,000 in legal fees, and respondent agreed to reimburse her employer. As a result of her misconduct, her employer discharged her and reported her misconduct to the Committee.

Despite numerous requests from the Committee to respond to her employer's complaint, respondent repeatedly failed to do so. Accordingly, the Referee found that respondent engaged in conduct that was prejudicial to the administration of justice in violation of DR 1-102 (a) (5), which adversely reflected on her fitness to practice as a lawyer in violation of DR 1-102 (a) (7).

Lastly, by failing to register with the Office of Court Administration (OCA) and pay the required fees for 2003/2004, respondent failed to comply with Judiciary Law § 468-a. Therefore, the Referee further found that she engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5).*

Respondent offered no mitigation for her conduct other than to testify that she was inexperienced and felt pressure from having too much responsibility. She also believed that before the closing either she or her supervisor would be able to rectify the situation. Respondent expressed remorse and apologized for her misconduct. She also stated that once confronted by her boss, she immediately admitted her misconduct.

In aggravation, respondent admitted she still had not reimbursed her employer the $1,000 he paid the seller's attorney, and, even when faced with disciplinary proceedings, respondent had not yet registered with OCA or paid the biennial fees. After she had been terminated, respondent obtained another legal job, but was fired less than a year later because she represented a friend in a real estate closing without the knowledge or consent of her employer.

At the end of the hearing, the Referee sustained all seven charges against respondent and recommended she be suspended for six months. Thereafter, a Hearing Panel consisting of four

---

* According to OCA's records, respondent is also delinquent for the 2005/2006 biennial period.

attorneys and a layperson heard oral argument. The Committee asked that the Referee's report be confirmed. Respondent abandoned her previous request for a three-month suspension, conceding that the Referee's report should be confirmed in full.

By report dated November 1, 2004, four members of the Panel confirmed the Referee's report including the recommended six-month suspension, and the lay member dissented, recommending at least a one-year suspension based on the "cumulative effect" of the multiple rule violations. The Hearing Panel acknowledged that this Court usually imposes a six-month suspension when the attorney makes a false filing or misrepresentation to a court or government agency and there is substantial mitigation (see e.g. Matter of Vasquez, 1 AD3d 16 [2003]). While respondent did not file the forged letters with a court or government agency, the Panel found that she did not present any significant mitigation either. Thus, the Panel agreed that a six-month suspension was appropriate, balancing respondent's conduct, including her noncooperation, against her limited mitigation and remorse.

In recommending a minimum one-year suspension, the lone dissenter cited respondent's misconduct, including her lack of cooperation with the Committee and her being 45 minutes late to the hearing.

The Disciplinary Committee now seeks an order confirming the Referee's and Hearing Panel's findings of fact, conclusions of law, and recommendation of a six-month suspension. Although served with this motion by mail, respondent has not submitted a response.

We agree with the dissent of the Hearing Panel. We find the majority's recommended sanction too lenient. This Court has always viewed forgery, especially when committed by an attorney, as an extremely serious matter (see Matter of Donofrio, 231 AD2d 365 [1997]; Matter of Glotzer, 191 AD2d 112 [1993]). Although respondent admitted the forgery, she offered no valid explanation for her actions. In addition, we do not believe sufficient mitigating circumstances exist to justify a six-month suspension. Indeed, to date, respondent has not reimbursed her employer the $1,000 as she agreed. In addition, respondent did not timely respond to her employer's complaint despite repeated requests by the Committee to do so. Respondent last paid her registration fee and registered with OCA in May 2001. Despite the fact that respondent now practices in another county, she did not register and pay her attorney fees for the 2003/2004 period and did not inform OCA about her new office address.

Respondent's serious misconduct coupled with her flagrant disregard of the Committee and the rules of the Chief Administrator of the Courts and her failure to reimburse her employer viewed together militate against a lesser sanction. We find that under these particular circumstances a suspension of one year is appropriate (*see e.g. Matter of Donofrio, supra*; *Matter of Halper,* 141 AD2d 201 [1988]; *Matter of Baily,* 48 AD2d 411 [1975]; *Matter of Sparer,* 44 AD2d 117 [1974]).

Accordingly, the Committee's motion should be granted solely to the extent of confirming the Hearing Panel's findings and conclusions. Respondent is suspended from the practice of law for a period of one year and until further order of this Court. Respondent is also ordered to make restitution to her former employer in the amount of $1,000.

TOM, J.P., ANDRIAS, SAXE, MARLOW and NARDELLI, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective July 25, 2005, and until further order of this Court.