[908 NYS2d 175]

In the Matter of MARK S. POMERANTZ (Admitted as MARK STEVEN POMERANTZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 21, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Mark S. Pomerantz,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Mark S. Pomerantz was admitted to the practice of law in the State of New York by the Second Judicial Department on February 26, 1986, under the name Mark Steven Pomerantz. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in a felony complaint with criminal possession of a forged instrument in the second and third degrees, a class D felony and a class A misdemeanor, respectively. On October 15, 2007, he pleaded guilty in Nassau County District Court to the reduced charge of attempted criminal possession of a forged instrument, in violation of Penal Law §§ 110.00 and 170.20, a class B misdemeanor, in full satisfaction of the felony complaint. That same day, respondent was sentenced to a one-year conditional discharge, a $500 fine, a $140 surcharge and a $20 crime victim's assistance fee.

By unpublished order entered September 30, 2009, we deemed the offense of which respondent was convicted to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and directed a Hearing Panel to conduct a hearing as to the appropriate sanction.

The Hearing Panel held a hearing at which respondent, who appears pro se, testified.

On March 21, 2007, respondent was stopped by the Nassau County police, who impounded his car due to various outstanding motor vehicle infractions. Upon inspection the police found that the vehicle bore a registration sticker which had been forged to reflect an incorrect expiration date.

Respondent admitted to cutting out numbers from the registration sticker of his wife's car and affixing them to his own vehicle's registration sticker. Respondent also altered his car's registration sticker so as to make it reflect an inaccurate expiration date. Respondent knew his actions were illegal.

When stopped by the police, respondent was aware that his car had been uninsured for a year and a half and was not cur-

rently registered or inspected. He had been driving the car with a forged registration sticker since February 2004, knew that he was driving with a suspended license, had failed to answer a traffic summons and had outstanding motor vehicle infractions and violations.

Respondent testified that he no longer drives and instead commutes to his office by public transportation. He acknowledged that his conduct was wrong and proffered his wife's illness, marital turmoil and financial difficulties as the reasons for such conduct. In aggravation, the Hearing Panel considered respondent's failure to report his criminal conviction to the Committee as required by 22 NYCRR 603.12 (f). The Hearing Panel also considered respondent's failure to provide it with proof of the satisfaction of a $20,610 New York State tax judgment as well as documentation of payments towards other outstanding liens and judgments entered against respondent. These outstanding liens and judgments include a $47,687 federal tax lien and judgments in the amounts of $4,834 and $20,146. The Hearing Panel also considered respondent's failure to notify his law firm employer of his conviction as evidence that he has not accepted responsibility for his misconduct. On the other hand, the Hearing Panel considered respondent's expression of remorse, the fact that his misconduct did not affect his law practice or cause harm to the public and the absence of a prior disciplinary record as mitigating factors.

The Hearing Panel recommended a suspension of six months, and the Committee seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law of the Hearing Panel and imposing a six-month suspension. Respondent seeks imposition of a public censure.

Forgery, particularly when committed by an attorney, has always been viewed by this Court as a serious matter (*Matter of Glotzer*, 191 AD2d 112, 114 [1993]). The sanctions generally imposed for forgery offenses range from a short suspension to disbarment depending upon the repetitiveness of the misconduct and the desire for personal profit (*id.*). In *Matter of Vasquez* (1 AD3d 16 [2003]), we imposed a six-month suspension upon an attorney who falsified a city official's memorandum to make it appear as if he had been granted a $5,500 salary increase and a lump-sum back payment. In *Matter of Donofrio* (231 AD2d 365 [1997]), the respondent made false statements to a Parking Violations Bureau manager and an administrative law judge (ALJ) and forged the ALJ's signature to a document which he

fraudulently used to obtain a tow release of his vehicle. The sanction we imposed was a one-year suspension. As noted above, respondent practiced law within this Department at all relevant times. We are not persuaded by his argument that Second Department case law is controlling (see 22 NYCRR 603.1 [a]).

While there are mitigating factors such as the absence of profit or personal gain related to respondent's practice of law, the aggravating factors cited above cannot be ignored. Having considered all of the factors disclosed by the record we find that a suspension is warranted.

Accordingly, we grant the Committee's motion to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and respondent is suspended from the practice of law for a period of three months.

ANDRIAS, J.P., CATTERSON, RENWICK, DEGRASSE and ABDUS-SALAAM, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective October 21, 2010 and until further order of this Court.