[965 NYS2d 28]

In the Matter of NATHANIEL H. WEISEL (Admitted as NATHANIEL HARRIS WEISEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 30, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Norma I. Lopez* of counsel), for petitioner.

*Nathaniel H. Weisel*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Nathaniel H. Weisel was admitted to the practice of law in the State of New York by the First Judicial Department on September 28, 1998 as Nathaniel Harris Weisel. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

On September 1, 2009, respondent's client asked him to commence a civil action. At that time, respondent did not file the action. To persuade his client that everything was proceeding well, respondent created a fraudulent stipulation of settlement with a fictional index number, caption and settlement amount. Respondent also randomly chose an opposing counsel's name from an attorney directory and forged his signature at the bottom of the document. Respondent gave the false document to his client, misrepresenting that he had settled the matter. He did not file the document with the court. On November 21, 2009, before his client discovered the deception, respondent filed a valid complaint in Small Claims Court.

The other attorney eventually learned that respondent had forged his name on the fraudulent stipulation. Once his dishonesty was discovered, respondent wrote letters to his client and the attorney. In the letter to his client, respondent claimed that he suffered from an "addiction [to] lying" that he analogized to an addiction to drugs or alcohol. In the letter to the attorney, he apologized for his actions, offering the explanation that he "did not know how to properly file an action on behalf of [his] client, and felt this would buy [him] time to properly file same." He also stated he had come to the conclusion that he had trouble telling the truth, "be it either personal or business." Further, as he later testified, although he has no other disciplinary history, respondent had previously received two letters of caution from the Second Department and had received sanctions for neglecting to file orders in three Family Court matters. The

Presiding Justice of the Second Department had also decertified him from Nassau County's 18-B Panel.

In January 2011, the Departmental Disciplinary Committee filed charges against respondent, alleging that he violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) and (h), and rule 1.3 (b) by forging the name of another attorney on a fraudulent document, providing a client with the false document to mislead him about the status of the case, neglecting the legal matter and failing to register with the Office of Court Administration and pay his registration fees from February 2010 to the present. In his answer, respondent admitted creating the false document and presenting it to his client, and also admitted that he failed to complete his attorney registration.

In December 2011, after hearings, the Referee sustained charges 2, 3 and 5, relying on respondent's admissions. He also sustained charges 4 and 6. Following a mitigation hearing, the Committee recommended a six-month suspension and respondent suggested a public censure. The Referee found respondent's attempt at mitigation "suspect" and "simply not worthy of belief." The Referee concluded that respondent's "deceptive testimony under oath, coupled with his troubled professional and personal history evince[s] a person not worthy of belief." Thus, the Referee recommended a six-month suspension and that respondent take and pass the ethics portion of the New York State bar exam before seeking readmission.

In May 2012, the Hearing Panel issued a report in which it disagreed with the Referee only to the extent of not sustaining charge 6 and similarly recommended a six-month suspension and respondent's retaking of the ethics portion of the bar exam before readmission. The Panel noted its own concern, as well as the Referee's, regarding respondent's comment that he is "addicted to lying." The Panel pointed out that, while it was apparent that there was no other instance of respondent's actual lying, "his admission must be taken seriously."

Turning to the appropriate sanction, the Panel noted that "the thought and planning that it took for Respondent to fabricate the Stipulation and forge another lawyer's signature cannot be overlooked." However, it also noted that this incident was only one instance of egregious conduct by respondent. The Panel agreed with the Referee's recommendation of a six-month suspension as "appropriate" and "in light of Respondent's admission as to his penchant for lying." The Panel also agreed with the Referee's recommendation as to the ethics portion of the bar exam.

The Committee now moves for an order confirming the findings of fact and conclusions of law set forth in the Hearing Panel's report and imposing their recommended sanction of a six-month suspension and taking and passing the ethics portion of the bar exam before reinstatement. Respondent has not responded to this motion.

Upon our review of the record, we confirm the findings of fact and conclusions of law as to respondent's liability under charges 2-5. We also impose the Panel's recommendation as to the ethics portion of the bar exam. However, as to the issue of suspension, we note the serious nature of respondent's fraudulent and deceptive conduct and his failure to mitigate. Thus, we find a nine-month suspension appropriate in this instance. Moreover, in light of the Referee and Hearing Panel's concern regarding respondent's admitted propensity for lying, we require that respondent address his pathological behavior before his application for reinstatement.

Here, where respondent not only neglected a legal matter and then created a fictitious document with a forged signature of an innocent attorney in order to conceal the neglect from his client, but also failed to mitigate his troubling history of sanctions, warnings and decertification, we find that a nine-month suspension is appropriate and strikes a balance with the case law (*see Matter of Mahoney*, 56 AD3d 169 [1st Dept 2008] [three-year suspension for forging clients' signature on settlement check]; *Matter of Scharf*, 213 AD2d 119 [1st Dept 1995] [six-month suspension for neglecting a legal matter, making false representations to clients and the Committee to cover neglect, falsely acknowledging signatures on profit sharing agreement and failing to cooperate with the Committee]; *Matter of Glotzer*, 191 AD2d 112 [1st Dept 1993] [six-month suspension for filing a forged stipulation of settlement with the court and for falsely swearing at a deposition that client's signature was genuine and made in his presence]).

Accordingly, the Committee's petition is granted to the extent of confirming the Hearing Panel's findings as to liability, and respondent is suspended from the practice of law for a period of nine months. Further, before his application for reinstatement to the practice of law, respondent is required to take and pass the ethics portion of the bar exam and to appropriately address his pathological behavior. On that application, respondent shall provide the Committee with appropriate documentation showing his compliance with this order.

ANDRIAS, J.P., SAXE, MOSKOWITZ, FREEDMAN and ABDUS-SALAAM, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of nine months, effective 30 days from the date of entry hereof, as indicated.