[15 NYS3d 315]

In the Matter of ISMAEL GONZALEZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 11, 2015

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Norma I. Melendez* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ismael Gonzalez was admitted to the practice of law in the State of New York by the First Judicial Department

on April 23, 1990. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Department.

In 2012, the Departmental Disciplinary Committee brought charges against respondent involving, among other things, his alleged abusive behavior toward a client who had discharged him. After evidentiary hearings before a Referee, the issuance of the Referee's report and recommendations, oral arguments before a Hearing Panel, and the issuance of the Hearing Panel's report and recommendations, the Committee now moves for an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing, as a sanction for the sustained charges, a suspension from practice of no less than six months. Respondent cross-moves to have the findings against him on certain charges disaffirmed, and for imposition of a public censure as a sanction for the misconduct to which he admits.

The 12 charges that the Committee asks us to sustain, as recommended by the Hearing Panel and the Referee, arise from his representation of five different clients, his violation of escrow rules on one occasion and his failure to file personal income tax returns for certain years. The underlying facts and charges are briefly set forth below, with the clients identified by their initials only.[1]

HE (Charges 1, 2, 3, 4 and 5)

In 2009, HE, a lawful permanent resident of the United States, retained respondent to represent him at a deferred inspection by federal immigration authorities to determine whether HE was admissible to re-enter the United States after a trip abroad. Respondent sent the immigration authorities a notice of appearance on HE's behalf and a request for a 90-day adjournment of the inspection. Thereafter, before the scheduled date of the deferred inspection, while HE was on parole, HE's wife informed respondent by telephone that her husband had retained another lawyer and no longer wanted respondent to represent him. Upon hearing that HE was discharging him, respondent became belligerent and verbally abusive toward HE's wife and told her that he would phone the deferred inspection unit and give them HE's work and home address so that they could arrest him before the scheduled inspection. The same

---

1. Certain charges were rejected by the Hearing Panel and Referee or were withdrawn by the Committee. As those charges are not at issue upon this motion, we do not discuss them.

day, respondent had a telephone conversation with an officer of the deferred inspection unit, in which he told the officer that he was no longer HE's attorney, asked whether the officer knew that HE was deportable as a convicted felon, and asked whether the officer knew HE's home address and phone number. Thereafter, respondent sent the immigration authorities a letter withdrawing his notice of appearance on behalf of HE and stating, falsely, that HE's wife had told him that HE did not intend to appear for the scheduled deferred inspection.

Respondent has been charged with conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on his belligerence toward, and verbal abuse of, HE's wife after she told respondent that he was being discharged (charge 1), his threatening to have HE arrested and deported during the conversation with HE's wife (charge 2), and his communicating information to the immigration authorities suggesting that respondent wanted HE to be arrested and deported (charge 3). Based on his falsely telling the immigration authorities that HE would not appear for his scheduled deferred inspection appointment, respondent has been charged with engaging in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) (charge 4). Finally, based on his suggestion to the immigration authorities that they arrest and deport HE by falsely informing them that HE would not appear at the deferred inspection appointment, respondent has been charged with intentionally prejudicing or damaging HE, his client, during the course of the professional relationship, in violation of DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3]) (charge 5).

Respondent does not contest liability on charge 3, but asks that we disaffirm the findings of liability on charges 1, 2, 4 and 5. We find that the record amply supports the Hearing Panel's and Referee's findings of liability on all five charges arising from respondent's representation of HE. We also reject respondent's legal attacks on the sufficiency of the contested charges.

GB (Charge 16)

In January 2010, respondent entered into a written retainer agreement with a client, GB, that contained a nonrefundable fee clause, in violation of rule 1.5 (d) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge 16). Respondent

does not contest liability on this charge, which is amply supported by the record.

## YT (Charges 18 and 19)

In August 2009, respondent entered into a written retainer agreement with a client, YT, that contained a nonrefundable fee clause, in violation of rule 1.5 (d) (4) (charge 18). In addition, as of May 2011, 21 months after the retention, respondent still had not filed the bankruptcy petition he had been retained to file. By neglecting YT's matter for 21 months, respondent neglected a legal matter entrusted to him, in violation of rule 1.3 (b) (charge 19). Respondent does not contest liability on charges 18 and 19, which are amply supported by the record.

## LV (Charge 23)

In February 2010, respondent entered into a written retainer agreement with a client, LV, that contained a nonrefundable fee clause, in violation of rule 1.5 (d) (4) (charge 23). Respondent does not contest liability on this charge, which is amply supported by the record.

## JQ (Charge 24)

In April 2009, respondent entered into a written retainer agreement with a client, JQ, that contained a nonrefundable fee clause, in violation of rule 1.5 (d) (4) (charge 24). Respondent does not contest liability on this charge, which is amply supported by the record.

## Escrow and Tax Charges

In addition to the foregoing client-related charges, the Committee asks us to sustain an escrow-related charge and a tax-related charge against respondent. Charge 20 alleges that, on February 14, 2010, respondent caused a cash withdrawal in the amount of $1,400 from his master escrow account, not to a named payee, thereby violating rule 1.15 (e).[2] Finally, an unnumbered charge alleges that respondent engaged in conduct adversely reflecting on his fitness as a lawyer by failing to file federal and state personal income tax returns for the years 2002 through 2007, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Respondent does not contest liability on the escrow and tax charges, which are amply supported by the record.

---

2. Respondent attributes the escrow violation to inadvertent error. He testified that, on the occasion in question, he handed a blank withdrawal slip to a bank teller, who mistakenly filled in the number of his escrow account, rather than the number of his checking account. Respondent testified that he did not discover the mistake until years later.

As a sanction for his liability on the foregoing charges, although the Hearing Panel recommended a suspension of six months, we find that respondent should be suspended from the practice of law for one year. Respondent's misconduct includes intentionally making prejudicial statements to immigration authorities which were intended to cause the arrest and deportation of a former client. In addition, respondent admits that he willfully failed to meet his tax obligations for six years and used the funds wrongfully withheld from the government to invest in real estate. Moreover, respondent's prior disciplinary record is not unblemished, as he has received two previous admonitions. Although respondent points to certain mitigating factors (health and personal issues he was experiencing at the times of the misconduct, his remorse, his admission of responsibility for failing to file tax returns, and the steps he has taken to address his tax debt), we do not find this mitigation sufficiently compelling to limit the sanction to a public censure, as respondent requests. We note that, in prior cases, similar misconduct has resulted in suspensions ranging from six months to one year (see *Matter of Racht*, 120 AD3d 156 [1st Dept 2014]; *Matter of Novins*, 119 AD3d 37 [1st Dept 2014]; *Matter of Gonchar*, 118 AD3d 1 [1st Dept 2014]; *Matter of Caliguiri*, 50 AD3d 90 [1st Dept 2008]; *Matter of Alviar*, 21 AD3d 50 [1st Dept 2005]).

Accordingly, the Committee's motion should be granted to the extent of affirming the Hearing Panel's findings of fact and conclusions of law sustaining charges 1, 2, 3, 4, 5, 16, 18, 19, 20, 23, 24, and the unnumbered tax charge, and to the extent of suspending respondent from the practice of law for one year, and until further order of this Court. The Hearing Panel's recommendation of a six-month suspension is disaffirmed. Respondent's cross motion should be granted solely to the extent of sustaining the charges that he does not contest, and should otherwise be denied.

GONZALEZ, P.J., TOM, FRIEDMAN, SWEENY and RENWICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective 30 days from the date hereof, and until further order if this Court. Cross motion granted to the extent indicated, and otherwise denied.