Matter of Carlos (2018 NY Slip Op 06506)





Matter of Carlos


2018 NY Slip Op 06506


Decided on October 2, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,Justice Presiding,
Rosalyn H. Richter
Sallie Manzanet-Daniels
Angela M. Mazzarelli
Troy K. Webber, Justices.


M-3260

[*1]In the Matter of Don A. Carlos, Jr., (admitted as Don Anthony Carlos, Jr.), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Don A. Carlos, Jr., Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, who, as Don Anthony Carlos Jr. was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 24, 1993.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Vitaly Lipkansky, of counsel), for petitioner.
Meredith S. Heller, Esq. for respondent.



PER CURIAM


Respondent Don A. Carlos, Jr. was admitted to the practice of law in the State of New York by the Second Judicial Department on March 24, 1993, under the name Don Anthony Carlos Jr. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of certain misconduct in violation of the former Disciplinary Rules and the current New York Rules of Professional Conduct because he misappropriated client funds, commingled personal funds with client and/or [*2]third-party funds, failed to maintain required bookkeeping records, provided false deposition testimony and written statements to the Committee, failed to pay personal income taxes for multiple tax years, and misused his IOLA account to shield his personal funds from tax levies.
The parties agree on the stipulated facts, including the admission to the acts of professional misconduct and the violation of former Code of Professional Responsibility DR 1-102(a)(7)(22 NYCRR 1200.3[a][7]) and 9-102(d) (22 NYCRR 1200.46[d]) and rules 1.15(a), 1.15(d), 8.4(c), 8.4(d), and 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.00), the relevant factors in aggravation and mitigation, and on the discipline. The parties now jointly move, pursuant to 22 NYCRR 1240.8(a)(5), for respondent's suspension from the practice of law in the State of New York for a period of 2½ years.
In support of the joint motion, the parties rely on Matter of Cohen (159 AD3d 113 [1st Dept 2018]), Matter of Brodsky (153 AD3d 52 [1st Dept 2017]), and Matter of Gonzalez (132 AD3d 1 [1st Dept 2015]) and agree that the circumstances in those cases are analogous here and should be followed. In light of the factors in mitigation, including respondent's admission of misconduct and acceptance of responsibility, his willingness to resolve his tax obligations and the fact no clients failed to receive their funds due to respondent's misconduct, we agree with the parties that a suspension from the practice of law is appropriate.
Accordingly, the joint motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of 2 ½ years and until further order of this Court.
Any application for reinstatement should include documentary proof that respondent has entered into agreements with the tax authorities for payment of any outstanding tax debts (Matter of Schnall, 146 AD3d 81, 87 [1st Dept 2016]).
All concur.
Order filed. [October 2, 2018]
Ordered that the joint motion for discipline by consent is granted to the extent of suspending respondent from the practice of law in the State of New York for a period of 2-1/2 years, effective November 1, 2018, and until further order of this Court.