Matter of Sayid (2024 NY Slip Op 02282)

Matter of Sayid

2024 NY Slip Op 02282

Decided on April 30, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Jeffrey K. Oing
Justice Presiding
Anil C. Singh Bahaati E. Pitt-Burke Kelly O'Neill Levy LlinÉt M. Rosado
Justices.

Motion No. 2024-00001 Case No. 2022-05084 

[*1]In the Matter of Mustafa D. Sayid, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mustafa D. Sayid (Admitted as Mustafa David Sayid), (OCA ATTY. REG. NO. 2025476), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mustafa D. Sayid, was admitted, as Mustafa David Sayid, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 7, 1986.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Naomi F. Goldstein, of counsel), for petitioner.
Gerald A. Adler, Esq., for respondent.

PER CURIAM 

Respondent Mustafa D. Sayid was admitted, as Mustafa David Sayid, to the practice of law in the State of New York by the Second Judicial Department on May 7, 1986. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department, although his current business address registered with the Office of Court Administration is in New Jersey.
In November 2022, the Attorney Grievance Committee (AGC) commenced this disciplinary proceeding with a petition of charges, alleging professional misconduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) based on respondent's knowing engagement in a fraudulent scheme to effect illegal sales of stock.
By order entered June 23, 2023, this Court granted the petition to the extent of appointing a referee to hear and report. In August 2023, the AGC and respondent jointly moved, under the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8 (a) (5), for discipline by consent, and requested the imposition of a six-month suspension. By order entered November 1, 2023, this Court denied the motion and directed the parties to proceed with the petition of charges.
The AGC and respondent now jointly move pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent, this time requesting the imposition of a one-year suspension.
A joint motion for the imposition of discipline must include a stipulation of facts, the respondent's conditional admission to the acts of professional misconduct and the violation of specific Rules of Professional Conduct; the relevant factors in mitigation and aggravation; a summary of the parties' agreed-upon disciplinary sanction; and an affidavit from the respondent acknowledging, in addition to a conditional admission of misconduct, that respondent freely gives consent to the agreed-upon discipline and is fully aware of the consequences of that consent (22 NYCRR 1240.8 [a] [5] [i]-[iii]). Those requirements have been met here.
The parties stipulate to a number of facts, including the following. A Nevada corporation (Nevada corporation) owed respondent's law firm $50,000. Beginning in March or April 2012, respondent negotiated a securities transaction for the sale of the $50,000 debt to various foreign entities. Respondent negotiated the terms of sale in accordance with a three-way [*2]Debt Settlement Agreement (DSA) in which he would assign the debt to the foreign entities, the foreign entities would pay respondent $50,000 in exchange for the assignment, and the Nevada corporation would repay the outstanding assigned debt by issuing 50 million shares of stock to the foreign entities upon conversion of the note. Relying on two SEC Rule 144 opinion letters respondent procured from a Nevada attorney based on false information, the Nevada Corporation's transfer agent issued two rounds of shares to the foreign entities in 2013 for a total of eight million unrestricted shares. Respondent provided stock promoters with conversion notices for the foreign entities to execute to convert the debt they had purchased from respondent into Nevada corporation shares.
In April 2017, the SEC filed a complaint against respondent in the United States District Court for the Southern District of New York alleging that respondent and other defendants engaged in a fraudulent scheme to effect illegal, unregistered sales of certain Nevada corporation shares. In November 2019, the Southern District granted the SEC's motion for summary judgment against respondent, finding that he had violated section 10(b) of the Securities Exchange Act and section 17(a) of the Securities Act, which prohibit fraud in the purchase or sale of a security, by providing false statements regarding the date of the DSA to acquire Rule 144 letters that were provided to the transfer agent. The court further found that respondent violated section 5 of the Securities Act by offering and selling restricted shares of the Nevada corporation common stock.
On July 22, 2020, the Southern District entered final judgment against respondent permanently enjoining him from violating sections 5 and 17(a) of the Securities Act and section 10(b) of the Exchange Act and rule 10(b-5) thereunder. The Court also permanently barred respondent from, among other things, issuing Rule 144 opinion letters and participating in any aspect of the offering of penny stock. Respondent was ordered to pay disgorgement of $25,000, prejudgment interest of $6,899, and a civil penalty of $160,000.
By order of October 22, 2020, the SEC temporarily suspended respondent with the proviso that if he did not petition the SEC within 30 days to lift the suspension or request a hearing, the suspension would become permanent. Respondent did not so petition. By order dated November 25, 2020, the Southern District permanently barred respondent from appearing before the SEC. The United States Court of Appeals for the Second Circuit affirmed the judgment of the Southern District on September 28, 2021.
Respondent conditionally admits that his actions support the charges alleged in the petition of charges based on the following conduct: (1) by providing false statements regarding the date of the DSA to the Nevada attorney for the purpose of procuring Rule 144 opinion letters, respondent engaged in conduct violating Rules of Professional [*3]Conduct rule 8.4(c) [a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation"]; (2) by providing false statements regarding the date of the DSA to the Nevada attorney, respondent knowingly induced him to issue a false Rule 144 opinion in violation of rule 8.4(a) [a lawyer shall not "violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another"]); (3) by providing backdated copies of the DSA to the Nevada corporation's president and the foreign entities for signature to make it appear that the stock complied with the Rule 144 one-year holding period, which it did not, respondent violated rule 8.4(c); (4) by violating section 5 of the Securities Act, which makes unlawful the public sale of unregistered securities, and by offering and selling shares of the common stock of the Nevada corporation, respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer in violation of rule 8.4(b) [a lawyer shall not "engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer"]; and (5) by all of the above, respondent engaged in other conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4(h) [a lawyer shall not "engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer"]).
The parties stipulate to the following factors in aggravation: that respondent has not expressed genuine remorse for his misconduct, and that he was issued an admonition by the AGC in June 2012.
The parties stipulate to the following mitigating factors: (1) respondent accepts the SEC's findings that he violated sections 5 and 17(a) of the Securities Act and section 10(b) of the Exchange Act; (2) the SEC began its investigation in and around January 2015 while respondent was going through a contentious divorce and later custody dispute. The divorce proceedings financially devastated respondent. When the SEC first issued its press release in April 2017, respondent's financial troubles exponentially increased. Respondent lost over $250,000 in income while having to pay, among other things, legal fees, accounting fees, and consulting fees, for himself and in some instances for his ex-spouse; (3) as a result of the adverse publicity following the publication of the SEC's complaint, respondent lost clients, friends, and many business opportunities. Additional publicity continued to negatively affect respondent after the decision granting summary judgment to the SEC and continues to adversely affect his livelihood; (4) respondent is currently unemployed. Since December 2017, he has worked with attorney head-hunters and has completed more than 400 job applications and has been unable to secure a law firm position. He has worked at several retail firms per diem, sometimes two or three jobs, in most cases, earning [*4]minimum wage; (5) in March 2023, respondent began paying the government back at the rate of $400 per month, which is being deducted automatically from his Social Security payments; (6) respondent has kept up with his CLE courses; and (7) respondent has helped numerous former clients and neighbors from 2017 to the present, all on a pro bono basis, in FINRA arbitrations, general contract matters, and a Taxi and Limousine Commission matter.
The parties contend that a one-year suspension is an appropriate sanction for respondent's misconduct. The Court agrees. (see Matter of Berglas, 16 AD3d 1 [1st Dept 2005][one-year suspension where respondent admitted to, inter alia, submitting false filings to an administrative agency]; Matter of Donofrio, 231 AD2d 365 [1st Dept 1997][one-year suspension where the respondent forged a document and made false representations to an administrative agency]; Matter of Nash, 166 AD2d 84 [1st Dept 1991][one-year suspension where respondent engaged in misconduct of a serious nature in submitting fraudulent documents to the court]).
Accordingly, the court finds a one-year suspension appropriate and the joint motion for discipline by consent should be granted pursuant to 22 NYCRR § 1240.8(a)(5) and respondent is suspended from the practice of law in the State of New York for a period of one year effective the date of this Court's order and until further order of this Court, and the AGC's petition of charges is denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to
22 NYCCR 1240.8(a)(5) is granted, and respondent Mustafa D. Sayid, admitted as Mustafa David Sayid, is suspended from the practice of law in the State of New York for a period of one year, effective the date hereof, and until further order of this Court, and
It is further Ordered that the petition of charges is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of
suspension, and until further order of this Court, respondent Mustafa D. Sayid, admitted as Mustafa David Sayid, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
It is further Ordered that respondent Mustafa D. Sayid, admitted as Mustafa David Sayid, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Mustafa D. Sayid, admitted as Mustafa David Sayid, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: April [*5]30, 2024