In the Matter of ANDREW RISOLI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 8, 1984

### APPEARANCES OF COUNSEL

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Saverio A. Muschio* for respondent

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar by the Appellate Division, Second Department, on October 14, 1964. On December 7, 1982 he was convicted, in the United States District Court for the Southern District of New York, upon his plea of guilty, of the crimes of conspiracy to defraud Citibank, N. A., in violation of sections 1014 and 1341 of title 18 of the United States Code (US Code, tit 18, § 371), and aiding and abetting in the use of the mails to effect such fraud (US Code, tit 18, §§ 1341, 1342). Sentence was suspended and respondent was placed on probation for three years. One of the conditions of his probation was the

performance of 15 hours of community service per month for a period of one year.

The record indicates that respondent was the attorney for Madison Avenue Florists, Inc., the principal stockholders of which were his brother Michael and one Henry Gine, a lifelong friend of the Risoli family. Madison Avenue Florists entered into negotiations with Citibank to lease space in the Citicorp complex which was then under construction. As a result of these negotiations, a lease was entered into and Citibank agreed to advance 60% of the construction costs.

While respondent was acting as attorney for Madison Avenue Florists, he conspired with his brother and his brother's wife Diane to have Diane sign a "General Security Agreement" and a "General Resolution" using the false name of Mary Palmer. Additionally, Diane signed a series of seven "Revolving Credit Notes", again using the name of Mary Palmer, to finance the construction work. Thereafter, Michael procured a check from Citibank made out to the general contractor. However, instead of delivering the check to the named payee, the general contractor's indorsement was forged and the check was deposited into the account of Madison Avenue Florists at the Chase Manhattan Bank. In connection with the conspiracy, respondent, Michael and Diane placed certain other checks in the mail thus leading to the second count on which respondent pleaded guilty.

Following respondent's conviction, the Departmental Disciplinary Committee preferred charges against him. Pending the hearing of the charges, it requested that respondent be suspended from practice pursuant to section 90 (subd 4, par f) of the Judiciary Law on the ground that the crime of which he had been convicted was a serious crime as defined in section 90 (subd 4, par d) of the Judiciary Law. By order dated April 26, 1983, we ordered that respondent be suspended and that the matter be referred for hearing.

The learned referee has now rendered his report. He recommends, based upon the facts recited, which were admitted by respondent, that respondent be suspended from practice of the law for a period of three years effective

April 26, 1983, the date of our original order of suspension. Elements considered by the learned referee in reaching his conclusion were the previous unblemished record of respondent; that he was not motivated by personal gain in his misconduct; that Citibank suffered no loss since (a) the lease and loan agreement were canceled; and (b) Gine had pledged collateral with Citibank to secure the loans made to Madison Avenue Florists and such losses as Citibank suffered were recouped out of this collateral; and, finally, that there was very little likelihood that the public would again be exposed to violation of the law by respondent if, at some time in the future, he were permitted to resume the practice of law.

When the matter was *sub judice,* before the learned referee, the Departmental Disciplinary Committee urged that respondent be disbarred. However, they have now altered their position to the extent of seeking confirmation of the report. Respondent joins in the application. While we view respondent's conduct as a serious deviation from the ethical norm by which attorneys are bound, taking into consideration the prior unblemished record of respondent, the esteem with which he is held in the legal community and the fact that Citibank suffered no loss as a result of his activities, we agree that the report, including the recommendation of sanction, should be confirmed.

Accordingly, the report of the learned referee is confirmed and respondent is suspended for a period of three years effective April 26, 1983, and until further order of this court.

SULLIVAN, J. P., ASCH, BLOOM, MILONAS and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of three years effective April 26, 1983, and until the further order of this court.