In the Matter of MITCHELL BEDELL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 19, 1989

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Jerome Karp* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mitchell Bedell was admitted to the practice of

law by the Second Judicial Department on February 25, 1976, and has maintained an office for the practice of law within the First Department.

On July 1, 1988, respondent pleaded guilty to a Supreme Court information charging him with three counts of forgery in the third degree, in violation of New York Penal Law § 170.05, a class A misdemeanor. He was sentenced to three years' probation on each count to run concurrently, a $1,000 fine, and 250 hours of community service.

Petitioner has moved for an order determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 603.12 (b) of the rules of this court; suspending him from the practice of law pending a final order of discipline and directing him to show cause why a final order of censure, suspension or disbarment should not be entered against him.

Respondent, while stating that he is aware of this court's holding that an attorney on probation may not practice law (Matter of Langberg, 118 AD2d 323 [1st Dept 1986]), submits that the criminal actions were not of his own intention and design, and that he did not personally benefit from these acts.

The crime of forgery in the third degree is defined in New York Penal Law § 170.05 as follows: "A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument." This is a "serious crime", and Judiciary Law § 90 (4) (f) mandates that this court suspend the attorney until a final order is issued.

Petitioner's motion is granted, respondent is suspended from the practice of law herewith, and ordered to show cause within 30 days of entry of this court's order of suspension why a final order of suspension, censure or removal should not be entered against him.

KUPFERMAN, J. P., ROSS, KASSAL, ROSENBERGER and ELLERIN, JJ., concur.

Respondent is ordered to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately and until the further order of this court, as indicated.