In the Matter of MITCHELL BEDELL, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 31, 1991

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard Asche* of counsel *(Litman Asche Lupkin & Gioiella,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Mitchell Bedell, was admitted to the practice of

law by the Second Judicial Department on February 25, 1976, and has maintained an office for the practice of law within the First Department.

On July 1, 1988, respondent pleaded guilty to a Supreme Court information charging him with three counts of forgery in the third degree, in violation of New York Penal Law § 170.05, a class A misdemeanor. He was sentenced to three years' probation on each count to run concurrently, a $1,000 fine, and 250 hours of community service.

We suspended respondent from the practice of law by order dated January 19, 1989, deeming respondent's conviction of forgery to be a "serious crime", pending a final order of discipline being entered against him (144 AD2d 99).

Shortly after the suspension, the respondent represented someone in a criminal matter in Supreme Court, Kings County, and when questioned concerning it, failed to appear to continue with the trial and, consequently, a mistrial was declared. Respondent had denied to the Judge presiding that he was the one involved in the suspension. There have been no further deviations.

Forgery is a serious matter and disbarment may be the appropriate penalty. (See, Matter of Kleiman, 107 AD2d 241; Matter of Marks, 72 AD2d 399.) However, suspension, depending on the circumstances, may also be an appropriate penalty. (See, Matter of Halper, 141 AD2d 201; Matter of Baily, 48 AD2d 411.)

In the hearings before the Departmental Disciplinary Committee (DDC) there was extensive testimony as to the misconduct being the product of disability caused by reason of mental illness. While several psychologists testified, we accept the conclusions of DDC's own expert that the respondent was suffering from a mixed personality disorder as to which, circumstances having changed, there was a good prognosis for recovery.

It seems that the respondent was under the domination of his father for whom he worked in their law office and that due to fear of the consequences in relation to his father, because of errors or failures, he tried to compensate with the forgeries. There was no financial gain involved for the respondent. The father's coercive force has died with him. While DDC recommends disbarment, we believe that the appropriate penalty is suspension for a period of three years during which time the respondent can finally overcome his mental infirmity.

Accordingly, the petition is granted only to the extent of suspending the respondent from the practice of law for a further period of three years, effective immediately.

ROSENBERGER, J. P., ELLERIN, KUPFERMAN, ROSS and KASSAL, JJ., concur.

Motion and cross motion granted only to the extent of suspending respondent from practice as an attorney and counselor-at-law in the State of New York, for a further period of three years, effective immediately, and until the further order of this court.