[756 NYS2d 143]

In the Matter of STEVEN ADLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 4, 2003

### APPEARANCES OF COUNSEL

*Eileen J. Shields* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Sara D. McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Steven Adler was admitted to the practice of law in the State of New York by the First Judicial Department on

December 22, 1969 and at all times relevant herein has maintained an office for the practice of law within this Judicial Department.

The Departmental Disciplinary Committee has moved for an order confirming the findings of fact and conclusions of law set forth in the reports of the Referee and of the Hearing Panel. A hearing on imposition of an appropriate sanction was held before the Referee as ordered by this Court when we granted the Disciplinary Committee's petition and found respondent had pleaded guilty to a "serious crime."

On February 22, 2001, respondent pleaded guilty in the Justice Court of the Village of Monticello, Sullivan County, to offering a false instrument for filing in the second degree, in violation of Penal Law § 175.30, a class A misdemeanor. The underlying transaction involved the failure of respondent to timely file a real estate deed and his subsequent preparation of a new deed, his forgery of a required deed signature, his false notarization of the forged deed signature and his forgery of the signature on the transfer tax form. Respondent also lied to the title company to cover up his misconduct. Respondent knew at the time that what he was doing was wrong but did so for the sake of his own convenience. The deed forgery documented a fictitious transaction. This created delays in a medical assistance application and dialysis shunt surgery for the deed transferee.

The Referee's findings were amply supported by the record evidence, as was the Hearing Panel's adoption of those findings. Respondent's claim of improper contact between the Referee and the Hearing Panel is irrelevant since any such communication happened after the Hearing Panel had issued its report. The record demonstrates that respondent has had ample opportunity to introduce relevant evidence bearing on an appropriate sanction. The Referee and Hearing Panel adequately identified and thoroughly reviewed the aggravating and mitigating factors involved in this matter.

Respondent has significant experience in real estate transactions, had an understanding of the potential for harm in forging a deed and intentionally acted for his own convenience. A one-year suspension is an appropriate sanction for such a serious offense (*see, Matter of Halper*, 141 AD2d 201 [1988]; *Matter of Nash*, 166 AD2d 84 [1991]; *Matter of Donofrio*, 231 AD2d 365 [1997]). Respondent's application for permission to apply

for reinstatement three months prior to the expiration of the period of suspension is denied.

Accordingly, the Committee's motion for an order confirming the findings of fact and conclusions of law set forth in the reports of the Referee and Hearing Panel should be granted and respondent suspended from the practice of law for a period of one year. Respondent's motion for a de novo hearing before a new referee should be denied. Respondent's cross motion which seeks, inter alia, an order confirming in part and disaffirming in part the reports of the Referee and Hearing Panel and imposing a sanction no greater than a six-month suspension with leave to apply for prompt reinstatement should be denied.

ANDRIAS, J.P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.