[923 NYS2d 500]

In the Matter of MARSHALL POSNER, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, May 24, 2011

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Marshall Posner was admitted to the practice of law in the State of New York by the Second Judicial Department on April 13, 1983. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department.

On August 4, 2009, the Departmental Disciplinary Committee filed 14 formal charges against respondent because of several actions that took place in May and June of 2006. In a report dated January 22, 2010, a Referee sustained 13 of the charges and recommended a one-year suspension. A Hearing Panel heard oral argument, and in a report dated April 19, 2010, modified the sanction recommendation to an 18-month suspension. The Departmental Disciplinary Committee now moves to confirm the Hearing Panel's determination and seeks a suspension of no less than 18 months. Respondent cross-moves urging a public censure. We find a one-year suspension to be appropriate.

The 14 charges against respondent involved violations of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriation of funds, DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—conversion of funds and forgery, 22 NYCRR 603.7 (f)—failing to preserve documents, DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—conduct prejudicial to the administration of justice, and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—conduct adversely reflecting on his fitness as an attorney. Of these, 13 were sustained by the Referee who heard the matter.

The three matters that formed the basis of the charges against respondent are described below.

First, respondent made three withdrawals from his firm's IOLA accounts totaling almost $18,000 which represented the firm's legal fees in three cases. When respondent made those withdrawals, the settlement funds had not yet been deposited into his IOLA account, although all of the deposits were made within one to two weeks. However, the escrow funds belonged

to other clients at the time the withdrawals were made. The Referee found that respondent misappropriated funds, but not intentionally, in violation of DR 9-102 (a), failed to preserve his files for seven years as required by 22 NYCRR 603.7 (f), and failed to file closing statements with the Office of Court Administration in violation of DR 1-102 (a) (5).

Second, respondent forged the signature and then notarized the forged signature of a client, with whom he had lost contact, on two releases that were filed with the court in order to obtain a settlement in a personal injury case. Respondent then endorsed two settlement checks with the client's signature and deposited them into his IOLA account. He also drafted stipulations of discontinuance by which he falsely represented to the opposing attorneys that the case had been settled with the permission of his client.

The client in the above matter had not responded to numerous letters and telephone calls for a period of two years during which time he had been ordered to attend a deposition. The Supreme Court justice had sent the matter to civil court pursuant to CPLR 325 (d). Although the client had not been cooperative or even available, two defendants made substantial offers, one of which was specifically time limited. The client had previously indicated a willingness to accept a sum that was less than that offered ($119,000). However, when he resurfaced some six months later, the client decided that the settlement was not adequate. He refused the amount, not understanding that the matter had been settled. The Referee found that respondent attempted to "settle" the matter with his client after the client filed the disciplinary complaint against him to be an aggravating factor, but we find the record to be unclear in this regard. However, there is no issue that the forgeries violated DR 1-102 (a) (4) and (5).

The third matter which the Referee sustained a charge for involved failure to provide a client with a written letter of engagement as required by 22 NYCRR 1215.1 in violation of DR 1-102 (a) (5).

Respondent urges, in mitigation, that he had an otherwise unblemished 27-year career, and that the two major transgressions occurred within a six-week to two-month period during which time his 16-year-old law partnership was breaking up and he was dealing with his mother's terminal illness. Consistent with the Referee's findings, we find respondent's actions were not solely motivated by self-interest. Personal distractions and concern for his client played a role.

Sanctions for forgery have depended upon the particular circumstances (*e.g.*, *Matter of Mahoney*, 56 AD3d 169 [2008] [three-year suspension—forgery on settlement check, use of funds, and misrepresentations to client]; *Matter of Alviar*, 21 AD3d 50 [2005] [one-year suspension—forgery and failing to cooperate with Departmental Disciplinary Committee]; *Matter of Gotbetter*, 19 AD3 1 [2005] [three-month suspension—forgery of mother's name to commence suit in her name and false statements to court]; *Matter of Chazan*, 252 AD2d 323 [1999] [three-month suspension—forging client's signature, notarizing and submitting falsely notarized document to government agency followed by attempting to adduce false testimony from the client]). Having considered all of the factors here, we find that a suspension of less than 18 months is warranted.

Accordingly, we grant the Committee's petition to the extent of confirming the Hearing Panel's findings of liability and grant the respondent's cross motion to the extent of disaffirming the Hearing Panel's findings concerning aggravation and sanction, and suspending respondent from the practice of law for one year and until further order of this Court.

DeGrasse, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ., concur.

Respondent suspended from the roll of attorneys and counselors-at-law in the State of New York for a period of one year, effective 30 days from the date hereof. Cross motion granted to the extent indicated.