[929 NYS2d 113]

In the Matter of HAROLD L. ANDRION (Admitted as HAROLD LEWIS ANDRION), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 28, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Hinshaw & Culbertson LLP* (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Harold L. Andrion was admitted to the practice of law in the State of New York by the First Judicial Department on June 5, 1989, under the name Harold Lewis Andrion. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On September 10, 2009, the Departmental Disciplinary Committee (the Committee) filed 19 charges against respondent alleging "conduct involving dishonesty, fraud, deceit, or misrepresentation," in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]); conduct prejudicial to the administration of justice, in violation of DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]); and conduct that reflects adversely on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In his answer dated October 2, 2009 and in a prehearing stipulation dated December 8, 2009, respondent essentially admitted to all of the Committee's factual allegations (with some amendments), as well as his liability as to 17 of the 19 charges.

In a report dated March 1, 2010, the Referee sustained charges 1, 3-14 and 16-19, to which respondent essentially admitted, made no findings as to charges 2 and 15, and recommended a one-year suspension. A Hearing Panel heard oral argument on April 9, 2010. In its determination dated May 22, 2010, the Hearing Panel confirmed the Referee's factual findings and liability conclusions as to the 17 charges sustained by the Referee and sustained the two additional charges which the Referee had failed to address. The Hearing Panel concluded that respondent's conduct alone warranted a two-year suspension, but given the mitigating factors present, a lesser suspension of 18 months was appropriate. The Committee now moves to confirm the Hearing Panel's determination and seeks a suspension of no less than 18 months. Respondent opposes to the extent of requesting that no more than a three-month suspension be imposed.

The charges arise from the following facts. In the spring of 2001, respondent and his wife jointly purchased a house in Pawling, New York. While they intended to use it as a summer home, they later decided to use it as their full-time residence, which required substantial renovations. Respondent's wife demanded that the funds for the renovations come solely from respondent's earnings and refused to join respondent in applying for a line-of-credit loan.

In 2001, respondent applied for and later received a line-of-credit mortgage in his and his wife's name from Citibank for $100,000 (the Citibank mortgage). Respondent signed his wife's name to the loan application, misrepresenting to the bank that he was her attorney-in-fact by indicating next to her name that he had power of attorney (PA). Respondent's wife had not signed a PA form, nor had she authorized respondent to place her signature on the application or mortgage. The fraudulent mortgage was recorded with the Dutchess County Clerk's Office.

In 2003, respondent obtained a second mortgage in his and his wife's name from Charter One Bank in the amount of $366,000 (the first Charter One mortgage). Respondent forged his wife's signature on a PA form without her permission, misappropriated the notary stamp of a partner (Stanley C. Rucheman), and falsely notarized the PA by forging his partner's name without his knowledge or permission. Respondent then caused the PA form to be recorded with the Dutchess County Clerk's Office.

Respondent subsequently executed a sworn affidavit falsely swearing that his wife had appointed him as attorney-in-fact, and that the forged PA was in "full force and effect." He used this forged PA to obtain the first Charter One mortgage and signed his wife's name to both the mortgage application and the mortgage. The first Charter One mortgage was filed in the Dutchess County Clerk's Office. Respondent used the proceeds to fully satisfy the Citibank mortgage. In connection therewith, he sent a cover letter to Citibank in which he signed his wife's name and falsely indicated that he was her attorney-in-fact.

In 2004, respondent obtained another mortgage from Charter One in the form of a line of credit for $167,000 (the second Charter One mortgage). Respondent signed and initialed another PA form without his wife's permission, misappropriated the stamp of a coworker (Beth Tractenberg), notarized the PA by forging the coworker's name without her permission, and

caused the PA to be filed and recorded with the Dutchess County Clerk's Office. Respondent used the forged PA to obtain the second Charter One mortgage by signing his wife's name to both the mortgage application and the mortgage without her permission and the mortgage documents were filed in the Dutchess County Clerk's Office.

Respondent's fraudulent conduct was discovered in the course of divorce proceedings commenced by his wife in 2006. Funds from the loans were allegedly used for familial purposes and deposited into respondent and his wife's joint account. Respondent has since assumed sole responsibility to pay the loans back and neither the banks nor the Dutchess County District Attorney's Office have taken action against him with respect to his misconduct.

In view of the foregoing, we confirm the Hearing Panel's findings of fact and conclusions of law as to respondent's liability, as they are fully supported by the record and by and large admitted by respondent. Although respondent initially contested his liability under DR 1-102 (a) (4) predicated upon his filing of the PA forms and mortgages with the Dutchess County Clerk's Office, he presently advances no challenge to the Hearing Panel's liability findings.

With regard to the severity of the sanction to be imposed, sanctions for forgery have ranged from a short suspension to disbarment, depending upon the particular circumstances (*see Matter of Chazan*, 252 AD2d 323 [1999] [three-month suspension for forging client's signature, falsely notarizing the forgery, submitting that document to a government agency, and attempting to adduce false testimony from the client, where the attorney had no prior disciplinary record, cooperated with the Committee, showed remorse, and had extensive pro bono and community service]; *Matter of Adler*, 302 AD2d 78 [2003] [one-year suspension for forging a real estate deed for his own convenience and falsely notarizing it, forging a signature on tax form, and lying to cover it up]; *Matter of Mahoney*, 56 AD3d 169 [2008] [three-year suspension for forging clients' signatures on settlement check, temporary use of those funds, and making misrepresentations to clients, where the attorney had no prior disciplinary record, made restitution and the misconduct did not affect law practice]; *Matter of Marks*, 72 AD2d 399 [1980] [disbarment for misappropriating funds through forgery]).

Having considered all of the factors here, we find that a suspension for a period of three years is warranted (*see e.g.*

*Matter of Bedell*, 174 AD2d 52 [1991] [three-year suspension where the attorney was suffering from a mixed personality disorder due to domination of his employer father, and tried to compensate for certain failures with the forgeries, with no desire for personal gain]; *Matter of Risoli*, 101 AD2d 251 [1984] [three-year suspension imposed for conspiracy to defraud where unblemished record and no desire for personal gain]).

Respondent's misconduct was intentional and serious in nature. He forged his wife's signature on two PA forms in order to become his wife's attorney-in-fact without her knowledge or permission; misappropriated the notary stamps of two individuals in firms where he was employed, using them to notarize the PA forms and forging notary signatures on the PA forms; filed the forged PA forms with the Dutchess County Clerk's Office; obtained mortgages on his and his wife's jointly owned marital home without his wife's knowledge or permission by presenting each PA form to two separate lenders; forged his wife's signature on mortgage documents and caused the fraudulently obtained mortgages to be recorded in the Dutchess County Clerk's Office; and obtained mortgage funds from lenders based upon his intentional deception that he had the authority to sign his wife's name to the mortgage documents and to mortgage their jointly owned home.

In mitigation, respondent raises his extremely difficult domestic circumstances, including his child's brain tumor and marital difficulties, which he claims led him to engage in the ill-conceived conduct; his lack of prior disciplinary record and evidence of his good moral character; the absence of a selfish or greedy motive; and his acknowledgment of guilt, expression of remorse and cooperation with the Committee. Respondent claims that no individual or entity has been harmed by his misconduct, which did not involve any clients or his law practice.

Giving due consideration to these factors, we nevertheless find that this case is distinguishable from those in which attorneys received short suspensions. Respondent's misconduct in obtaining three mortgages, from two lenders, by fraud, over a period of three years was repetitive, deliberate and deceitful. While respondent strongly disputes that his multiple acts of forgery constitute an aggravating "pattern of misconduct," we disagree.

Significantly, respondent's misconduct included the misappropriation of the notary stamps of his work colleagues and the forgery of their signatures. This not only put his own career in

jeopardy, but also adversely impacted his colleagues and his firm. We further note that while respondent stresses his cooperation and remorse, he had many opportunities to reconsider and admit his wrongful conduct, but did not do so, remaining silent until it was brought to light by others.

Accordingly, we grant the Committee's petition to the extent of confirming the Hearing Panel's finding of liability. We disaffirm the Hearing Panel's finding concerning the appropriate sanction and suspend respondent from the practice of law for three years and until further order of this Court.

TOM, J.P., ANDRIAS, ACOSTA, DEGRASSE and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, effective August 28, 2011.