Matter of Ellenberg (2023 NY Slip Op 03883)

Matter of Ellenberg

2023 NY Slip Op 03883

Decided on July 20, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 20, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
David Friedman
Peter H. Moulton
Manuel J. Mendez
Bahaati E. Pitt, JJ.

Motion No. 2023-01921 Case No. 2022-03128 

[*1]In the Matter of Robert L. Ellenberg An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert L. Ellenberg (OCA ATTY. REG. NO. 1137827), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on July 8, 1975.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Orlando Reyes, of counsel), for petitioner.
Tyler Maulsby, Esq., for Respondent.

PER CURIAM 

Respondent Robert L. Ellenberg was admitted to the practice of law in New York State by the Third Judicial Department on July 8, 1975. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
In 2022, the Attorney Grievance Committee (Committee) filed a notice of petition and petition of charges pursuant to Rules for Attorney Discipline (22 NYCRR) §§ 1240.8(a)(1) and 603.8(b)(1) seeking an order that respondent be disciplined for unethical practices and professional misconduct by, among other things, improperly notarizing settlement documents, signing settlement documents in the client's name without the client's authorization, submitting settlement documents without the client's authorization, submitting improperly notarized and improperly executed documents to a tribunal, neglecting a legal matter, failing to adequately communicate with a client about a matter, and/or engaging in conduct that adversely reflects on his fitness as a lawyer.
Now, by joint notice of motion, the Committee and respondent ask this Court to suspend him for two months and until further order of this Court, pursuant to 22 NYCRR 1240.8(a)(5), based upon the stipulated facts and consent of the parties.
Pursuant to 22 NYCRR 1240.8(a)(5)(i), the motion is supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and an agreed upon discipline. Pursuant to 22 NYCRR 1240.8(a)(5)(iii), the motion is accompanied by respondent's affidavit acknowledging his conditional admission of stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent.
In February 2016, the client retained respondent's law firm to represent her in a Workers' Compensation matter (first matter). In or about March 2018, the client agreed to settle the first matter and respondent prepared settlement documents, which he recalled personally delivering to the client. The client did not return the settlement documents, and the first matter was not settled. However, the firm remained her counsel.
In October 2019, the client retained the firm to represent her in a second Workers' Compensation matter (second matter). Respondent handled the second matter and continued to work on the first matter on behalf of the firm. He failed to adequately inform the client of the status of both pending cases.
In or about September 2020, respondent prepared a claimant release in furtherance of settling the first matter. He signed the client's name on the form, without her permission to do so, and notarized the signature himself and then submitted it to the New York State Worker's Compensation Board (WCB) without the client's approval. On the same day, respondent also prepared a waiver agreement in furtherance of settling the first matter, signed the client's name and submitted it to the WCB [*2]without her permission or approval to do so.
Respondent admits that he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4(c) by: (1) signing the client's name to the claimant release without her permission; (2) notarizing the signature on the claimant release; (3) submitting the release to the WCB without the client's approval; (4) signing the client's name to the waiver agreement without her permission; and (5) submitting the waiver agreement to the WCB without the client's approval.
He further admits that, by submitting the claimant release and waiver agreement to the WCB, he engaged in conduct prejudicial to the administration of justice in violation of rule 8.4(d), as well as failed to abide by the client's decision to settle a matter, in violation of rule 1.2(a). Respondent also admits that he neglected a client matter in violation of rule 1.3(b), by failing to promptly prosecute the first matter, and violated rule 1.4(a)(3) by failing to keep the client reasonably informed about the status of her cases. Finally, respondent admits that his overall failure to meet his professional responsibilities constituted conduct that adversely reflected on his fitness as a lawyer in violation of rule 8.4(h).
The parties stipulate to the following factors in aggravation: on August 24, 2005, respondent was issued a Letter of Admonition for neglecting a client's Workers' Compensation matter, in violation of rule 6-101(A)(3); and respondent had substantial experience in the practice of law at the time the misconduct occurred.
The parties stipulate to the following factors in mitigation: with the exception of the 2005 Admonition, respondent has had a 48-year unblemished career; his actions were motivated by his desire to resolve the client's case as expeditiously as possible during the Covid-19 pandemic as opposed to a selfish motive; respondent's improper notarization of the document was influenced by the prevalence of the virtual execution of documents because of the pandemic; he has cooperated fully with the Committee's investigation, acknowledged the wrongfulness of his conduct, and expressed remorse for his actions; he has been receiving treatment for anxiety disorder since March 2020; he is a supportive father of two children and grandfather to three grandchildren who regularly volunteers at his synagogue; and he donates to various charitable causes.
The parties agree that the discipline to be imposed upon respondent should be a suspension for a period of two months. Initially, they note that the sanction for notarizing a signature of an individual who did not personally appear before an attorney is generally a public censure (see Matter of Vignola, 218 AD2d 310, 316 [1st Dept 1996]). However, the parties agree that a more serious sanction is warranted in this case because respondent forged his client's signature, notarized his own forgery, and submitted [*3]the document, which he knew to be forged and falsely notarized, to a governmental agency. In support of their request for a two-month suspension, they cite Matter of Chazan (252 AD2d 323, 324-325 [1st Dept 1999]), in which this Court imposed a three-month suspension in a case involving similar misconduct, such as forging the client's signature, falsely notarizing the forgery, and submitted the forged and falsely notarized document to a governmental agency. They further rely on Matter of Benenati (136 AD3d 108, 110-113 [1st Dept 2015]), in which this Court suspended an attorney for three months for using his administrative assistant's notary stamp and forging her name as part of the false notarization. The parties contend that the requested sanction of a two-month suspension from the practice of law reflects the balance between the factors in mitigation and aggravation presented in this case.
Liability on all charges has been established by respondent's conditional admissions and is supported by the stipulated facts. Accordingly, the only remaining issue is the appropriate sanction to impose. We grant the parties' motion for discipline by consent and suspend respondent for two months.
Generally, misconduct involving forgery, fraudulent statements and filing false instruments with government bodies has resulted in sanctions ranging from a short suspension to disbarment depending on the repetitiveness of the misconduct and the desire for personal profit (see Matter of Radman, 135 AD3d 31 [1st Dept 2015]; Matter of Andrion, 88 AD3d 62 [1st Dept 2011]; Matter of Posner, 86 AD3d 103 [1st Dept 2011]; Matter of Becker, 24 AD3d 32 [1st Dept 2005]; Matter of Gotbetter, 19 AD3d 1 [1st Dept 2005]; Matter of Glotzer, 191 AD2d 112 [1st Dept 1993]).
While the facts in this case are somewhat similar to those in Matter of Posner, a longer suspension is not warranted here. In Posner, the respondent also misappropriated clients' fund by making withdrawals from the firm's IOLA account before the corresponding settlement funds were deposited and the Court found that his actions were at least in part motivated by self-interest, a factor that is not present in this case. Here, as in Gotbetter and Chazan, respondent's conduct consisted of two acts of deception, both of which took place on the same day, in connection with the same case. In turn, respondent presents compelling mitigating factors, including admission of misconduct, expression of remorse and cooperation with the Committee, the absence of a selfish motive, generally unblemished 48-year legal career, and evidence of good moral character. It appears that the Covid-19 pandemic and concern for his client have played a role. A two-month suspension strikes a balance between the seriousness of respondent's misconduct and the mitigating factors presented.
Accordingly, the motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted and respondent is suspended from the practice of law in [*4]the State of New York for a period of two months and until further order of the Court. The petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent, Robert L. Ellenberg is suspended from the practice of law in the State of New York for a period of two months effective the date hereof, and until further order of this Court, and the petition of charges is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, and until further order of this Court, respondent Robert L. Ellenberg shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Robert L. Ellenberg shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof; and
It is further Ordered that if respondent Robert L. Ellenberg has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: July 20, 2023