Matter of Lilly (2024 NY Slip Op 00274)

Matter of Lilly

2024 NY Slip Op 00274

Decided on January 23, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding
David Friedman Lizbeth González Manuel Mendez LlinÉt M. Rosado
Justices.

Motion No. 2023-04850 Case No. 2023-03062 

[*1]In the Matter of Joseph Henry Lilly III, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Joseph Henry Lilly III (OCA ATTY. REG. NO. 2231579), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Joseph Henry Lilly, III, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 1, 1989.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Vitaly Lipkansky, of counsel), for petitioner.
Richard E. Grayson, Esq., for respondent.

PER CURIAM 

Respondent Joseph Henry Lilly III was admitted to the practice of law in the State of New York by the Second Judicial Department on March 1, 1989. At all relevant times respondent maintained an office for the practice of law within the First Judicial Department, although his current registered business address is within Nassau County (Second Judicial Department).
The Attorney Grievance Committee (AGC), by notice dated June 20, 2023, commenced this disciplinary proceeding with a petition of charges pursuant to Judiciary Law § 90(2) and Rules for Attorney Disciplinary Matters (22 NYCRR 1240.8), alleging that respondent was guilty of professional misconduct, in violation of rules 8.4(c) and (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on his allegedly false certification of compliance with his continuing legal education (CLE) requirements in two attorney registration renewals with the Office of Court Administration (OCA). By notice dated October 27, 2023, the AGC and respondent jointly moved, pursuant to 22 NYCRR 1240.8(a)(5), for discipline by consent and request the imposition of a two-month suspension.
The AGC and respondent stipulated to the following facts:
Respondent's alleged misconduct occurred on two instances. First, on September 6, 2019, respondent renewed his attorney registration with the OCA and certified compliance with the CLE required of him as an experienced attorney, reporting that he completed at least 4 credits in Ethics and Professionalism and 22 other credits, for a total of 26 credits. In 2020, the New York Unified Court System's Internal Audit Services audited respondent for compliance with the CLE requirements for the 2019-2020 attorney registration cycle. In an April 3, 2020, cover letter to respondent's Audit Response Form (the Form), he admitted he had falsely certified compliance with the CLE credit requirements when he renewed his attorney registration and that he had not actually taken any of the required CLE hours during the 2019-2020 reporting period. He also certified that he had completed 24 CLE credits, but only between March 16-April 1, 2020, under a retroactive extension he had applied for, several months after the 2019-2020 reporting period had concluded. After Internal Audit Services completed its findings, respondent provided an Answer dated August 23, 2021, in which he admitted he falsely certified that [*2]he had complied with his CLE requirements for the 2019-2020 reporting cycle on his biennial attorney registration form.
Second, on October 22, 2021, respondent renewed his attorney registration with OCA for the 2021-2022 reporting period. There, he again certified he earned 26.5 credits that period to fulfill his CLE requirement but produced only two CLE certificates covering 2.5 of the alleged 26.5 credit hours. Respondent then requested and received another retroactive extension to complete his CLE credits for the 2021-2022 CLE reporting period on October 24, 2022, completing them by December 2022.
The parties have also stipulated to the following aggravating factors:
Respondent twice falsely certified that he had met the CLE credits required of an experienced attorney for two consecutive renewal cycles and made the second false certification while he was under investigation for the same issue in the 2019-2020 cycle. Respondent was motivated by self-interest in that he sought to register as an attorney without taking the time to fulfill his CLE requirements.
The parties also stipulated to several factors in mitigation:
Respondent expressed considerable remorse, acknowledged his misconduct immediately and cooperated fully with Internal Audit Services and the AGC, completed the required CLEs almost immediately after renewing his registration, did not commit any misconduct involving his representation of clients, and was not motivated by any direct desire for personal profit. He has practiced for 34 otherwise-untarnished years in New York and has never been the subject of a complaint to the AGC. He has shown compassion in his personal life, having taken in his nieces after they were abused by their own parents. Three other attorneys, each of whom had known defendant at least 20 years, submitted letters attesting to respondent's good professional and moral character, which are further buttressed by at least three pro bono cases he has handled for an indigent mother.
Respondent admits that he violated rules 8.4(c) and (d) of the Rules of Professional Conduct. Rules 8.4(c) and (d) respectively prohibit lawyers from engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation," and "conduct that is prejudicial to the administration of justice." The AGC demonstrated in its Petition of Charges that respondent violated both rules by submitting respondent's renewal papers for the two registration cycles in question, in which he declared that he had already completed the required CLE credit for each cycle, and the certificates of CLE attendance for classes he only completed after those renewals. Based on this sequence of events, it is apparent that respondent falsely certified that he completed CLE credits on two consecutive registrations, the last while he was under investigation for the first false certificate, but only obtained those CLE credits after the dates he submitted those renewal registrations.
22 NYCRR 1240.8(a)(5) provides [*3]for attorney discipline by consent,
"At any time after the filing of the petition with proof of service, the parties may file a joint motion with the Court requesting the imposition of discipline by consent If the motion is granted, the Court shall issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion."
The parties agreed that the AGC's recommended disciplinary action of a two-month suspension from the practice of law is the appropriate sanction; it is also well supported by precedent (seeMatter of Ellenberg, 218 AD3d 24 [1st Dept 2023] [two-month suspension after attorney improperly notarized, executed, and submitted settlement documents to a tribunal, and neglected a Workers' Compensation matter]; Matter of Becker, 24 AD3d 32 [1st Dept 2005] [three-month suspension for serious acts of forgery, fraudulent statements, and filing false instruments in the course of distributing personal injury settlement proceeds]).
Accordingly, the joint motion for discipline by consent should be granted pursuant to 22 NYCRR 1240.8(a)(5), and respondent suspended from the practice of law in the State of New York for a period of two months, and until further order of this Court. The petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCCR 1240.8(a)(5) is granted and respondent Joseph Henry Lilly, III, is suspended from the practice of law in the State of New York for a period of two months, effective February 22, 2024, and until further order of this Court, and
It is further Ordered that the petition of charges is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, and until further order of this Court, respondent Joseph Henry Lilly, III, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
It is further Ordered that respondent Joseph Henry Lilly, III, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Joseph Henry Lilly, III, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: January 23, 2024