Matter of Salis (2022 NY Slip Op 06757)

Matter of Salis

2022 NY Slip Op 06757

Decided on November 29, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Judith J. Gische
Troy K. Webber
Cynthia S. Kern
Julio Rodriguez III, JJ.

Motion No. 2022-03322 & 2022-03642 Case No. 2013-00285 

[*1]In the Matter of Owolabi M. Salis, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Owolabi M. Salis, (OCA ATTY. REG. NO. 4012886), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 26, 2002.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York
(Kevin M. Doyle, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Owolabi M. Salis was admitted to the practice of law in the State of New York by the Second Judicial Department on June 26, 2002. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
In 2016, respondent was acquitted of criminal charges brought against him in New York County involving the filing of fraudulent immigration petitions. In 2017, the Department of Homeland Security referred respondent's conduct to the Attorney Grievance Committee (AGC), which led to charges related to the fraudulent filing of hundreds of visa petitions and adjustment of status applications. In 2019, this Court appointed a Referee to hold a hearing on the charges; after motion practice and delays caused by the pandemic, the Referee held a hearing in May 2021. Per respondent's request, the hearing focused solely on liability, with a sanction hearing, if necessary, to follow.
On March 25, 2022, the Referee issued a report sustaining all charges, finding respondent to be in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.1, 3.3(f), 7.1(a)(1), 7.1(f), 8.4(c), 8.4(d), and 8.4(h). On May 16, 2022 (two days before the sanction hearing), respondent moved for reargument or reconsideration of the Referee's liability findings, to disaffirm same, and to stay the sanction hearing. On May 18, 2022, the Referee presided over a sanction hearing. Respondent did not appear at the hearing, nor did he phone or email to explain his absence. The Referee found respondent in default and the sanction hearing proceeded.
By June 9 and June 10, 2022 submissions to the Referee, respondent maintained, inter alia, that the sanction hearing should not have convened while his motions for reargument/reconsideration of the Referee's findings were pending with the Court.
On June 22, 2022 (M-2028), this Court denied respondent's motion for reargument or reconsideration of the Referee's liability findings, to disaffirm same, and to stay the sanction hearing. In July 2022, respondent moved for leave to reargue the June 22, 2022 order, which motion was denied in its entirety on August 31, 2022 (M-2894, M-2895). On or about July 25, 2022, the Referee offered to reopen the sanction hearing, which the AGC did not oppose, but respondent failed to respond. By report dated August 17, 2022, the Referee recommended that respondent be disbarred.
The AGC now seeks an order confirming the Referee's liability findings and sanction recommendation and disbarring respondent. By cross motion, respondent opposes and requests, inter alia, "disaffirmation or dismissal" of the Referee's findings.
The Referee's liability findings are well founded and should be confirmed in full. Respondent's myriad of arguments against such, a good number of which have already been considered and rejected by this Court [*2]in connection with his prior motions, are without merit. As demonstrated by the record, respondent, over an eight-year period, submitted 1,185 fraudulent and frivolous I-360 petitions, only one of which was granted. In addition, respondent intentionally tried to conceal his identity from immigration authorities by not including the requisite G-28 notice of appearance form with the filings and not signing his name as the preparer thereof. He also failed to denominate his law practice's website as "attorney advertising" (corrected after the AGC brought charges) and engaged in false advertising as to the services he provided.
While neither the AGC nor the Referee cite any factually apposite disbarment cases, we find that disbarment is the appropriate sanction herein. We have imposed significant discipline, including disbarment, in matters involving immigration-related misconduct for which there was no criminal conviction (see Matter of Jaffe, 78 AD3d 152 [1st Dept 2010]; Matter of Cohen, 40 AD3d 61 [1st Dept 2007]; Matter of Berglas, 16 AD3d 1 [1st Dept 2005]). Respondent's false advertising and failure to appear at the sanction hearing only add to the case for his disbarment (see Matter of McClain-Sewer, 77 AD3d 204 [1st Dept 2010]).
Accordingly, the respondent's cross motion should be denied; and the AGC's motion to confirm the Referee's findings of fact, conclusions of law, and sanction recommendation should be granted, and respondent is disbarred and his name is stricken from the roll of attorneys in the State of New York.
All concur.
IT IS ORDERED that the Attorney Grievance Committee for the First Judicial Department's motion for an order pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(2) to confirm the Referee's findings of fact, conclusions of law, and sanction recommendation is granted, and the respondent, Owolabi M. Salis, is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof and continuing until further order of this Court, and
IT IS FURTHER ORDERED that the cross motion of respondent for "disaffirmation or dismissal" of the Referee's findings is denied, and
IT IS FURTHER ORDERED that, effective immediately, pursuant to Judiciary Law § 90, the respondent, Owolabi M. Salis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that the respondent, Owolabi M. Salis, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof, and
IT IS FURTHER ORDERED that if the respondent, [*3]Owolabi M. Salis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: November 29, 2022