Ceballos Cortorreal v. Garland

BIA
ul-Haq, IJ
A045 744 535

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

PRESENT:
JOSEPH F. BIANCO,
BETH ROBINSON,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

JADINEAL CEBALLOS CORTORREAL,
*Petitioner,*

v.                                                           21-6238
                                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:**         Owolabi Salis, Esq., Salis Law PC, Brooklyn, NY.[1]

**FOR RESPONDENT:**         Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Alexander J. Lutz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Jadineal Ceballos Cortorreal, a native and citizen of the Dominican Republic, seeks review of a March 17, 2021 decision of the BIA affirming a September 18, 2020 decision of an Immigration Judge ("IJ"), which denied his motion to reopen. *In re Jadinael Ceballos Cortorreal*, No. A 045 744 535 (B.I.A. Mar. 17, 2021), *aff'g* No. A 045 744 535 (Immigr. Ct. Napanoch Sept. 18,

---

[1] The Clerk's Office is instructed to forward this order both to Owolabi Salis's address of record and to the petitioner directly at the address listed in the Certified Administrative Record. After Salis briefed this case, this Court denied his application for admission, and he was disbarred in New York, *Matter of Salis*, 178 N.Y.S.3d 66 (App. Div. 1st Dep't Nov. 29, 2022). We note that Salis failed to comply with the disbarment order, in that he did not inform this Court of his disbarment and does not appear to have informed his client or the Government's attorneys in this case. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.15(b) (2016).

2020).  We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We generally review the denial of a motion to reopen for abuse of discretion and its country conditions determination for substantial evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).  Where, as here, a petitioner was ordered removed for a controlled substance offense, our review is limited to constitutional claims and questions of law.  8 U.S.C. §§ 1252(a)(2)(C), (D); *see also Durant v. INS*, 393 F.3d 113, 115–16 (2d Cir. 2004) (holding that jurisdictional limitation in § 1252(a)(2)(C) extends to motions to reopen when underlying removal order was based on applicable criminal ground).  Whether equitable tolling of the deadline for reopening is merited is a reviewable question of law to the extent that review involves application of a legal standard to undisputed fact.  *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020).  Moreover, the jurisdictional limitations do not apply to Convention against Torture ("CAT") claims, and the Supreme Court has left open whether they apply to withholding of removal.  *Nasrallah v. Barr*, 140 S. Ct. 1683, 1691, 1693–94 (2020).

3

It is undisputed that Ceballos Cortorreal's 2020 motion to reopen was untimely filed more than 90 days after his 2007 removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). He requested equitable tolling, asserting due process violations in his underlying proceedings and a change in the law based on *Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017). "[E]quitable tolling requires a party to pass with reasonable diligence though the period it seeks to have tolled." *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (*quoting Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). The IJ denied equitable tolling for lack of diligence because Ceballos Cortorreal moved to reopen 13 years after his removal order and three years after *Harbin*. He did not challenge the IJ's due diligence determination before the BIA, nor does he argue the issue here. Accordingly, the issue is unexhausted and waived. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (confirming that petitioner generally must exhaust issues before the BIA); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (declining to reach claims that petitioner abandoned by failing to address them in his brief). Even if we were to reach the merits of the ruling, we would find no error. *See Iavorski*, 232 F.3d at 134 (finding no diligence where movant waited two years to file a motion). The lack of diligence is fatal to his claim for equitable

4

tolling.  *Id.*

Ceballos Cortorreal also asked the agency to excuse the deadline based on changed conditions in the Dominican Republic.  The 90-day deadline for a motion to reopen does not apply if the reopening is sought to apply for asylum and related relief "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding."[2]  8 U.S.C. § 1229a(c)(7)(C)(ii).  In considering evidence of changed country conditions, the agency must "compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quotation marks omitted).  "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1); *see also* § 1003.23(b)(3).

---

[2] The jurisdictional bar limiting review to constitutional claims and questions of law where removal was based on a controlled substance offense does not apply to CAT claims.  8 U.S.C. §§ 1252(a)(2)(C), (D); *Nasrallah*, 140 S. Ct. at 1692.  Because the changed conditions analysis is relevant to CAT, as well as to asylum and withholding, we have not limited our review of the changed conditions determination to questions of law.

Ceballos Cortorreal alleged that his brother was shot during a political rally in 1993, a friend died at the scene, and the friend's nephew was murdered at the funeral, and he feared persecution as a result. His evidence of country conditions consisted of articles and reports contemporaneous with his motion, including the 2018 State Department report on Human Rights in the Dominican Republic, which described crimes and violence. He did not submit evidence of conditions in 2007. And some of the evidence in the record indicated that conditions had not changed: a 2019 Time magazine article reported that safety experts believed that "the country is no more dangerous than it was before." Cert. Admin. Rec. at 191. The IJ considered the articles (noting that some were untranslated), the description of the 1993 events, and the application, and noted that the incidents of reported violence took place outside of Ceballos Cortorreal's home province. On this record, substantial evidence supports the agency's conclusion that Ceballos Cortorreal failed to show a material change in country conditions as required to excuse the deadline for his motion. *See Jian Hui Shao*, 546 F.3d at 157–58 ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

6

We deny the petition as to the agency's denial of the motion to reopen as untimely because Ceballos Cortorreal does not challenge the due diligence determination dispositive of equitable tolling and because substantial evidence supports the agency's determination that he failed to demonstrate changed country conditions. We dismiss the petition in remaining part because we lack jurisdiction to review the agency's denial of sua sponte reopening. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1) (versions in effect until January 15, 2021); *Li Chen v. Garland*, 43 F.4th 244, 251–52 (2d Cir. 2022).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7